UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | 1:15-cv-00859-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND ISSUANCE OF SUBPOENA |
| vs. | |
| GOMEZ, et al., | (ECF No. 7.) |
| Defendants. | |

**I.  BACKGROUND**

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 8, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On July 20, 2015, Plaintiff filed a request for issuance of a subpoena and appointment of counsel.  (ECF No. 7.)

**II.  MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests court-appointed counsel to conduct an investigation and, if appropriate, to file a motion for DNA testing.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and

1

the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits.  Plaintiff filed the Complaint on June 8, 2015, and the Complaint awaits the Court's screening required under 28 U.S.C. 1915.  Thus, to date the Court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared.  Moreover, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III.   MOTION FOR ISSUANCE OF SUBPOENA

Plaintiff requests the court to issue a subpoena compelling the Kern County Superior Court to produce evidence.  Plaintiff's request shall be denied because it is not yet time for discovery in this case.  The court will issue a scheduling order opening discovery after the complaint has been served and a defendant has filed an Answer to the complaint.  At this stage of the proceedings, Plaintiff's Complaint awaits the court's requisite screening process. Service of process shall not be initiated until the court has screened the complaint and finds that Plaintiff states cognizable claims.  Therefore, it is not time for discovery in this action, and Plaintiff's request for the issuance of a subpoena is premature.

IV.     **CONCLUSION**

Based on the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and

2. Plaintiff's request for issuance of a subpoena is DENIED as premature.

IT IS SO ORDERED.

Dated:   **July 22, 2015**            **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE