# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:15-cv-00859-EPG-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| C/O GOMEZ,[1] | THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |
| Defendant. | |

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's Complaint, filed June 8, 2015. (ECF No. 1). Petitioner has consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF No. 4).

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

---

[1] The Court notes that although Plaintiff has included "et al." in the caption of the Complaint, the Complaint only specifically lists Correctional Officer Gomez as a defendant.

1  paid, the court shall dismiss the case at any time if the court determines that the action or appeal

2  fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint is required to contain "a short and plain statement of the claim showing that

4  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken

8  as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

9  Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a

10  viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim

11  to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at

12  570).  While factual allegations are accepted as true, legal conclusions are not. The mere

13  possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–

14  79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009)

15        **II.    SUMMARY OF COMPLAINT**

16        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

17  ("CDCR") at Kern Valley State Prison, where the events at issue occurred. Plaintiff names

18  Correctional Officer Gomez as a defendant in this action.

19        Plaintiff's Complaint alleges that on October 7, 2014, Correctional Officer Gomez

20  ("Defendant Gomez") and Correctional Officer Sanchez ("C/O Sanchez") searched Plaintiff's

21  cell for additional state clothing. After the cell search was conducted, Plaintiff noticed that his

22  television was broken at the base and screws located next to the right speaker were unscrewed.

23  Plaintiff contends that Defendant Gomez and C/O Sanchez damaged the television during the

24  course of the search.

25        Plaintiff contends that Defendant Gomez retaliated against him on October 22, 2014, by

26  stating that Plaintiff refused to attend school that morning and then sending Plaintiff to the

27  administrative segregation unit for possession of an inmate manufactured weapon. After Plaintiff

28  was transferred to administrative segregation, Defendant Gomez conducted a cell search. No

contraband was found, and Defendant Gomez personally filled out the personal property inventory.

On November 4, 2014, Committee Property Staff Officer Cervantez placed Plaintiff in a holding cell to give back to Plaintiff personal property that is allowed in the administrative segregation unit. As Plaintiff was sorting through his personal property, he noticed that a lot of his personal property was missing and that his AM/FM player was broken. Plaintiff contends that this was the result of Defendant Gomez's negligence and intentional wrongdoing.

## III.   EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v.

1  Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588

2  F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

3  official sets in motion a 'series of acts by others which the actor knows or reasonably should

4  know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183

5  (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard

6  'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d

7  1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th

8  Cir. 2008).

9      **A. Retaliation**

10      The First Amendment protects a prisoner's right to seek redress of grievances from

11  prison authorities and a prisoner's right of meaningful access to the courts. Jones v .Williams,

12  791 F.3d 1023, 1035 (9th Cir. 2015). In the context of prisons, a First Amendment retaliation

13  claim is comprised of five basic elements: "(1) An assertion that a state actor took some adverse

14  action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

15  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

16  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68

17  (9th Cir. 2005).

18      Plaintiff's allegations are insufficient to state a retaliation claim against Defendant

19  Gomez. The Complaint does not clearly allege facts demonstrating that adverse action was taken

20  against Plaintiff because he engaged in protected conduct, such as filing a grievance, and that

21  such adverse action chilled Plaintiff's exercise of his First Amendment rights. In other words,

22  there are not sufficient facts to indicate that Defendant Gomez confiscated or damaged Plaintiff's

23  property or in retaliation for Plaintiff filing a grievance.

24      **B. Deprivation of Personal Property**

25      The Due Process Clause protects prisoners from being deprived of property without due

26  process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

27  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). "[T]he

28  Due Process Clause is . . . not implicated by a *negligent* act of an official causing unintended loss

4

1    of or injury to . . . property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). Authorized

2    intentional deprivation of property pursuant to an established state procedure is actionable under

3    the Due Process Clause. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532 & n.13 (1984) (citing <u>Logan</u>

4    <u>v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524

5    (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a

6    state employee does not constitute a violation of the procedural requirements of the Due Process

7    Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

8    available." <u>Hudson</u>, 468 U.S. at 533. California law provides a postdeprivation remedy for any

9    property deprivations. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't

10   Code §§ 810–95).

11        Plaintiff's allegations are insufficient to state a due process claim against Defendant

12   Gomez or C/O Sanchez. The Complaint does not clearly allege facts demonstrating that Plaintiff

13   was intentionally deprived of his personal property pursuant to any authorized procedure or

14   process. To the contrary, Plaintiff's allegations indicate that Defendant Gomez and C/O Sanchez

15   damaged Plaintiff's television while searching Plaintiff's cell for extra state clothing and that

16   Defendant Gomez wrongfully and arbitrarily confiscated and damaged Plaintiff's personal

17   property after Plaintiff was transferred to the administrative segregation unit. The unauthorized

18   deprivation of property, be it negligent or intentional, does not give rise to a claim for relief

19   under the Due Process Clause. <u>See</u> <u>Hudson</u>, 468 U.S. at 533.

20        Rather, Plaintiff's remedy, if any, would be found under California law. California's

21   Government Claims Act[2] requires that a tort claim against a public entity or its employees be

22   presented to the California Victim Compensation and Government Claims Board, formerly

23   known as the State Board of Control, no more than six months after the cause of action accrues.

24   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2006). Presentation of a written

25   claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Superior</u>

26   <u>Court of Kings County</u> (<u>Bodde</u>), 32 Cal.4th 1234, 1245 (Cal. 2004); <u>Mangold v. California Pub.</u>

27
28   [2] This Act was formerly known as the California Tort Claims Act. <u>City of Stockton v. Superior Court</u>, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

1  Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public

2  employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32

3  Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d

4  621, 627 (9th Cir. 1988). Here, the Complaint fails to allege facts demonstrating compliance with

5  California's Government Claims Act, and therefore fails to state a tort claim under state law.[3]

6  **IV.   CONCLUSION AND ORDER**

7          The Court has screened Plaintiff's Complaint and finds that it fails to state any cognizable

8  claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of

9  Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly,

10  the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies

11  identified above. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Plaintiff is granted

12  leave to file an amended complaint within thirty days from the date of service of this order if he

13  chooses to do so.

14          Should Plaintiff choose to amend the complaint, the amended complaint must allege

15  constitutional violations under the law as discussed above. The amended complaint should be

16  brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

17  deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297

18  F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

19  on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded

20  that Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of

21  his rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the

22  allegations in chronological order will assist the Court in identifying his claims. Plaintiff should

23  name each defendant and explain what happened, describing personal acts by the individual

24

25  [3] Any tort claim against Defendant Gomez would be based on state law, which ordinarily would be heard in state court, and not a federal court like this one. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. In this instance,

26  the Court has not found a cognizable § 1983 claim in the Complaint for retaliation against Defendant Gomez. Therefore, at this juncture, the Court does not have supplemental jurisdiction over any state law claim that forms

27  part of the same case or controversy as Plaintiff's alleged retaliation claim. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'")

28  (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)).

defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **THIRTY (30) days** from the date of service of this order, Plaintiff may file a First Amended Complaint attempting to cure the deficiencies identified in this order if he believes additional true factual allegations would state a claim;

3.     Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00859-EPG; and

4.     If Plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss the case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **October 4, 2016**               /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE