# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O GOMEZ,<br><br>    Defendant. | Case No. 1:15-cv-00859-EPG-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's First Amended Complaint, filed October 24, 2016. (ECF No. 12). Petitioner has consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF No. 4).

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009)

## II.   SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the First Amended Complaint ("FAC") allegedly occurred at Kern Valley State Prison.[1] The FAC alleges that on October 7, 2014, Correctional Officer Gomez ("Defendant Gomez") and Correctional Officer Sanchez ("C/O Sanchez") searched Plaintiff's cell for additional state clothing. During the cell search, Plaintiff was placed in the shower area next to cell number 208, and Plaintiff could hear a lot of racket and items being thrown. Plaintiff asked both Gomez and Sanchez to be careful with his personal property. After the cell search was conducted, Plaintiff noticed that his television was broken at the base and screws located next to the speakers were unscrewed. Plaintiff contends that Defendant Gomez and C/O Sanchez ignored his verbal request to be careful and purposely and intentionally damaged the television during the course of the search.

///

---

[1] Plaintiff currently is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at High Desert State Prison in Susanville, California.

On October 7, 2014, Plaintiff filed a 602 grievance regarding the damage of his personal property. However, the grievance was never processed, responded to, or logged into the system. Plaintiff contends that the Appeal Coordinator's Office was negligent, withheld information, and tampered in bad faith.

On October 22, 2014, Defendant Gomez retaliated against Plaintiff by breaking Plaintiff's CD AM/FM player and throwing away a lot of Plaintiff's personal property. On October 22, 2014, Plaintiff attended morning school, but Defendant Gomez stated that Plaintiff was refusing to attend school. That same morning, Plaintiff was sent to the administrative segregation unit for possession of an inmate manufactured weapon. After Plaintiff was transferred to administrative segregation, Defendant Gomez conducted a cell search. No contraband was found, and Defendant Gomez personally filled out the personal property inventory.

On November 4, 2014, Committee Property Staff Officer Cervantez placed Plaintiff in a holding cell to give back to Plaintiff personal property that is allowed in the administrative segregation unit. As Plaintiff was sorting through his personal property, he noticed that a lot of his personal property was missing and that his CD AM/FM player was broken. On January 6, 2016, Plaintiff asked Defendant Gomez about his property. Gomez replied that he had thrown away the missing items because they were "altered." Plaintiff contends that the loss of property and damage to the CD AM/FM player was a result of Defendant Gomez's negligence and intentional wrongdoing.

### III.  EVALUATION OF PLAINTIFF'S FIRST AMENDED COMPLAINT

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

1    "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A. Retaliation**

The First Amendment protects a prisoner's right to seek redress of grievances from prison authorities and a prisoner's right of meaningful access to the courts. Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015). In the context of prisons, a First Amendment retaliation claim is comprised of five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

4

reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's allegations are insufficient to state a retaliation claim against Defendant Gomez. The FAC does not clearly allege facts demonstrating that adverse action was taken against Plaintiff because he engaged in protected conduct, such as filing a grievance, and that such adverse action chilled Plaintiff's exercise of his First Amendment rights. In other words, there are not sufficient facts to indicate that Defendant Gomez confiscated or damaged Plaintiff's property in retaliation for Plaintiff filing a grievance.

**B. Deprivation of Personal Property**

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). "[T]he Due Process Clause is . . . not implicated by a *negligent* act of an official causing unintended loss of or injury to . . . property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532 & n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. California law provides a postdeprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

Plaintiff's allegations are insufficient to state a due process claim against Defendant Gomez or C/O Sanchez. The FAC does not clearly allege facts demonstrating that Plaintiff was intentionally deprived of his personal property pursuant to any authorized procedure or process. To the contrary, Plaintiff's allegations indicate that Defendant Gomez and C/O Sanchez damaged Plaintiff's television while searching Plaintiff's cell for extra state clothing and that

1 Defendant Gomez wrongfully and arbitrarily confiscated and damaged Plaintiff's personal
2 property after Plaintiff was transferred to the administrative segregation unit. The unauthorized
3 deprivation of property, be it negligent or intentional, does not give rise to a claim for relief
4 under the Due Process Clause. See Hudson, 468 U.S. at 533.

5     Rather, Plaintiff's remedy, if any, would be found under California law. California's
6 Government Claims Act[2] requires that a tort claim against a public entity or its employees be
7 presented to the California Victim Compensation and Government Claims Board, formerly
8 known as the State Board of Control, no more than six months after the cause of action accrues.
9 Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2006). Presentation of a written
10 claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior
11 Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub.
12 Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public
13 employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32
14 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d
15 621, 627 (9th Cir. 1988). Here, the FAC fails to allege facts demonstrating compliance with
16 California's Government Claims Act, and therefore fails to state a tort claim under state law.[3]

**C. Access to the Courts**

    **1. First Amendment**

19 Prisoners have a right under the First and Fourteenth Amendments to litigate claims
20 challenging their sentences or the conditions of their confinement without direct interference
21 from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d

---

[2] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] Any tort claim against Defendant Gomez would be based on state law, which ordinarily would be heard in state court, and not a federal court like this one. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. In this instance, the Court has not found a cognizable § 1983 claim in the FAC for retaliation against Defendant Gomez. Therefore, at this juncture, the Court does not have supplemental jurisdiction over any state law claim that forms part of the same case or controversy as Plaintiff's alleged retaliation claim. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'") (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)).

1090, 1103 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Lewis, 518 U.S. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"). While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Id. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff's allegations are insufficient to state a First Amendment claim regarding access to the courts. Plaintiff has not shown that any prison officials' actions, or failure to act, during the prison grievance process caused him actual prejudice with respect to pending litigation or a claim that he was unable to bring. The FAC is devoid of any facts suggesting that Plaintiff suffered an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### 2. Fourteenth Amendment

Prison officials' actions in responding to Plaintiff's grievance, alone, cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not

give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

To the extent Plaintiff is attempting to base a due process claim on prison officials' failure to process his grievance, the FAC fails to state a cognizable claim. As Plaintiff has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable due process claim for the processing and/or reviewing of his 602 grievance.

### IV. APPROPRIATE DEFENDANTS

The caption of the FAC only lists Correctional Officer Gomez as a defendant. In the section entitled "Defendants" in the FAC, Plaintiff only specifically lists Correctional Officer Boyd. (ECF No. 12 at 2). However, the allegations in the body of the FAC do not mention Boyd at all. Further, although Plaintiff generally asserts that the Appeal Coordinator's Office was negligent, withheld information, and tampered in bad faith with respect to his 602 grievance, Plaintiff fails to identify any specific individual who was allegedly responsible for said interference. To state a cognizable claim under § 1983, Plaintiff must allege a connection or link between a specific defendant's actions and the alleged deprivation of Plaintiff's constitutional rights.

### V. CONCLUSION AND ORDER

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty (30) days from the date of service of this order if he chooses to do so.

Should Plaintiff choose to amend the complaint, the amended complaint must allege constitutional violations under the law as discussed above. The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded that Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **THIRTY (30) days** from the date of service of this order, Plaintiff may file a Second Amended Complaint attempting to cure the deficiencies identified in this order if he believes additional true factual allegations would state a claim;
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number

1:15-cv-00859-EPG; and

4. If Plaintiff fails to file a Second Amended Complaint within THIRTY (30) days, the Court will dismiss the case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **December 16, 2016**         /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE