1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:15-cv-00859-EPG (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF NO. 20) |
| GOMEZ and SANCHEZ, | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

18       Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's Second Amended Complaint, which was filed on January 23, 2017. (ECF No. 20). Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 4), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

26       The Court has screened two prior complaints and dismissed them with leave to amend. The Court has reviewed and screened Plaintiff's second amended complaint and dismisses it with prejudice and without leave to amend. As discussed below, Plaintiff's main allegations

1  concern the destruction of his personal property during a cell search.  California law provides a

2  remedy through the Government Claims Act, and to be able to file a tort claim in court Plaintiff

3  must have complied with the Act.  Plaintiff has not complied with the Act, and his Second

4  Amended Complaint does not state a claim for violation of the Constitution.

5       I.       SCREENING REQUIREMENT

6       The Court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

8  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

9  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

10 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

11 § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

12 paid, the court shall dismiss the case at any time if the court determines that the action or appeal

13 fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

14      A complaint is required to contain "a short and plain statement of the claim showing that

15 the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

16 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

18 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

19 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

20 (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

21 this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are

22 not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,

23 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's

24 legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

25      Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

26 pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

27 *pro se* complaints should continue to be liberally construed after Iqbal).

28 *///*

1    **II.    SUMMARY OF SECOND AMENDED COMPLAINT**

2    Plaintiff claims that his rights were violated because Defendants and correctional officers

3    Gomez and Sanchez "fail[ed] to act with reasonable care," regarding his personal property

4    during a cell search.   Specifically, on October 7, 2014, Defendants Gomez and Sanchez

5    conducted a cell search for extra state clothing.   During the cell search, Plaintiff was placed in

6    the shower area.   He could hear a lot of racket from items being thrown on the floor and in the

7    locker.   Plaintiff told Defendants Gomez and Sanchez to be more careful with his personal

8    property.

9    After the cell search Defendants Gomez and Sanchez told Plaintiff "That's why we broke

10   your television."   Plaintiff noticed that the T.V. was broken from the base and screws were

11   unscrewed next to the speakers.   Plaintiff alleges that Defendants Gomez and Sanchez

12   intentionally and purposely damaged the television during the search by ignoring his verbal

13   request to be careful.

14   On September 3, 2014, Plaintiff had filed a 602 grievance against Defendant Sanchez

15   based on the fact that Plaintiff did not receive his laundry back.   Plaintiff believes that

16   Defendants Gomez and Sanchez retaliated against Plaintiff for filing the 602 grievance by

17   conducting the October 7 cell search and destroying his property.

18   Plaintiff includes correspondence with the appellate office regarding his grievance, which

19   includes Plaintiff's assertion that "staff inappropriately searched his cell and damaged his

20   property."   Plaintiff's 602 grievance asserted that "During a laundry cell search conducted by

21   Mrs. Sanchez and c/o Mr. Gomez, I found my T.V. broken and screws that where [sic] at the

22   bottom of the plastic frame next."   He asked for "reimburse[ment] on broken cleartunes 13" LED

23   TV. value of $194.45."   He further asserted that "both officers Mr. Gomez and Mrs. Sanchez

24   conducted the cell search without reasonable care to personal property."

25   **III.    PRIOR SCREENING ORDERS**

26   The Court has twice screened Plaintiff's complaint in this case, dismissing the claims

27   with leave to amend.

28   On October 4, 2016, the Court issued an order dismissing Plaintiff's original complaint

with leave to amend.  (ECF No. 11).  Regarding the retaliation cause of action, that order found that "Plaintiff's allegations are insufficient to state a retaliation claim against Defendant Gomez. The Complaint does not clearly allege facts demonstrating that adverse action was taken against Plaintiff because he engaged in protected conduct, such as filing a grievance, and that such adverse action chilled Plaintiff's exercise of his First Amendment rights.  In other words, there are not sufficient facts to indicate that Defendant Gomez confiscated or damaged Plaintiff's property or in retaliation for Plaintiff filing a grievance."  (Id. at p. 4).  Regarding the Due Process claim, that order explained:

> Plaintiff's allegations are insufficient to state a due process claim against Defendant Gomez or C/O Sanchez.  The Complaint does not clearly allege facts demonstrating that Plaintiff was intentionally deprived of his personal property pursuant to any authorized procedure or process.  To the contrary, Plaintiff's allegations indicate that Defendant Gomez and C/O Sanchez damaged Plaintiff's television while searching Plaintiff's cell for extra state clothing and that Defendant Gomez wrongfully and arbitrarily confiscated and damaged Plaintiff's personal property after Plaintiff was transferred to the administrative segregation unit. The unauthorized deprivation of property, be it negligent or intentional, does not give rise to a claim for relief under the Due Process Clause.  See Hudson, 468 U.S. at 533.
>
> Rather, Plaintiff's remedy, if any, would be found under California law. California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2006).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Here, the Complaint fails to allege facts demonstrating compliance with California's Government Claims Act, and therefore fails to state a tort claim under state law."

(Id. at pgs. 5-6) (footnotes omitted).

The Court also screened Plaintiff's First Amended Complaint.  (ECF No. 13).  That order reiterated the law and conclusions regarding the retaliation and due process causes of action, and also provided the applicable legal standards for and evaluated additional claims presented by

Plaintiff's First Amended Complaint.  Regarding an access to the courts claim, the Court explained that "Plaintiff's allegations are insufficient to state a First Amendment claim regarding access to the courts.  Plaintiff has not shown that any prison officials' actions, or failure to act, during the prison grievance process caused him actual prejudice with respect to pending litigation or a claim that he was unable to bring.  The FAC is devoid of any facts suggesting that Plaintiff suffered an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim.  Therefore, Plaintiff fails to state a claim for denial of access to the courts."  (Id. at p. 7).  Moreover, regarding Plaintiff's Fourteenth Amendment claim, the Court stated "To the extent Plaintiff is attempting to base a due process claim on prison officials' failure to process his grievance, the FAC fails to state a cognizable claim. As Plaintiff has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable due process claim for the processing and/or reviewing of his 602 grievance."  (Id. at p. 8).

## IV.    EVALUATION OF PLAINTIFF'S SECOND AMENDED COMPLAINT

The Court finds that Plaintiff's Second Amended complaint should be dismissed for the same reasons as laid out in the prior screening orders.

Plaintiff's allegations stem from correctional officers damaging Plaintiff's property during a cell search.  Whether negligent or intentional, the destruction of personal property constitutes a tort that must be pursued through the California Government Claims Act.  The facts Plaintiff has alleged do not state a claim for violation of the United States Constitution.

Plaintiff's complaint attempts to state a violation of the Constitution by asserting various constitutional provisions, but the Court finds that the allegations fail to state such a claim for the reasons described above.  Plaintiff's Second Amended Complaint emphasizes the proximity between a 602 grievance he filed against one of the defendants and the cell search by the two defendants to set forth a retaliation claim under the First Amendment.  However, the only evidence is the proximity in time, which is a little over a month between the filing the 602 grievance and the cell search.  There are no other facts indicating that the search was done in retaliation, such as something that the officers said.  It also appears that these correctional officers dealt with laundry as part of their job activities.  Therefore the fact that there was a

Case 1:15-cv-00859-EPG   Document 21   Filed 02/03/17   Page 6 of 7

1  grievance regarding Plaintiff's laundry and then a search of Plaintiff's cell to search for extra

2  state clothing does not itself give rise to an inference that the search was due to retaliation.

3  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

4  of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678

5  (citing Twombly, 550 at 555).  To survive screening, Plaintiff's claims must be facially plausible,

6  which requires sufficient factual detail to allow the Court to reasonably infer that each named

7  defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret

8  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

9  unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

10  falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

11  ## V.   CONCLUSION AND ORDER

12       The Court finds that Plaintiff Second Amended Complaint (ECF No. 20) fails to state a

13  cognizable claim against any defendant and should be dismissed.

14       The Court does not believe Plaintiff is entitled to additional leave to amend his

15  complaint.  The Court has twice screened Plaintiff's earlier complaints and found that they did

16  not state a claim.  The Court provided legal guidance to assist Plaintiff in stating a claim.

17  Plaintiff has now filed three complaints without stating a cognizable claim.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Accordingly, IT IS HEREBY ORDERED that:

1.       Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2.       This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and,

3.       The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   __**February 2, 2017**__                    /s/ Erica P. Groj
                                                      UNITED STATES MAGISTRATE JUDGE